1
2
3
4
5
6
7

JS-6

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10   EVELYN THOMAS, Individually and        Case No. 2:21-cv-03013-MCS-KS
11   as Successors-in-interest to The Estate
     of Ben Thomas; YOLANDA
12   THOMAS, Individually and as            **ORDER GRANTING PLAINTIFFS'**
     Successors-in-interest to The Estate of **MOTION TO REMAND [11] AND**
13   Ben Thomas,                            **DENYING DEFENDANT'S MOTION**
                                            **TO DISMISS [9]**
14
15                       Plaintiffs,
16
17                v.
18   CENTURY VILLA INC., doing
     business as Century Skilled Nursing
19   Care, et al.
20                       Defendants.
21

22

23        Before the Court are two motions. The first motion is a motion to remand filed

24   by Plaintiffs Evelyn Thomas and Yolanda Thomas ("Plaintiffs"). MTR, ECF No. 11.

25   The second motion is Defendant Century Villa, Inc.'s ("Century Villa") motion to

26   dismiss. MTD, ECF No. 9. Plaintiffs included their opposition to Century Villa's

27   motion to dismiss in their motion to remand. ECF No. 11. Century Villa filed an

28   opposition to Plaintiff's motion to remand. Opp'n to MTR, ECF No. 13. Century Villa

also filed the same Requests for Judicial Notice with their motion to dismiss and their opposition to Plaintiffs' motion to remand. RJN, ECF Nos. 10, 14.[1] Century Villa requested a hearing, but the Court does not a find a hearing to be necessary and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and **DENIES** Century Villa's motion as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Century Villa operates a "24-hour health care facility" in Los Angeles, California. Compl. ¶¶ 6, 7. Decedent Ben Thomas ("Decedent") resided at Century Villa and had "left-side paralysis, diabetes, and hypertension." *Id*. at ¶ 12. Century Villa began to prohibit visitors in March 2020 because of the COVID-19 outbreak. *Id*. at ¶ 13. Unable to visit, Plaintiff Yolanda Thomas would call Century Villa to check on Decedent and ask about whether Century Villa had any reported COVID-19 cases. *Id*. at ¶ 14. Century Villa informed her it did not have any COVID-19 cases. *Id*. at ¶ 14.

On April 12, 2020, Century Villa called Plaintiff Yolanda Thomas to inform her

---

[1] Century Villa asks the Court to take judicial notice of over thirty different documents. RJN ISO Opp'n to MTR. The Court takes judicial notice of the following documents because they are "matters of public records" not "subject to reasonable dispute" under *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)): Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against Covid-19 ("Declaration"), the Secretary of the Department of Health and Human Services' April 10, 2020 Amendment to the Declaration, the Secretary's June 4, 2020 Second Amendment to the Declaration, the Secretary's December 3, 2020 Fourth Amendment to the Declaration, Advisory Opinion 21-01, and the Secretary's January 28, 2021 Fifth Amendment to the Declaration. Ex.'s to RJN ISO MTR 2–5, 9, and 30; ECF Nos. 5-2, 5-3, 5-4, 5-5, 5-9, and 5-29. The Court also takes judicial notice of Ex. 31, ECF No. 5-30 which is the Statement of Interest of United States submitted in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:20-cv-00683 (M.D. Tenn. Jan 19, 2021) because it is on file with the Middle District of Tennessee. Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). The Court denies all other requests as moot.

2

that Century Villa transferred Decedent to a hospital because of a cough. *Id*. at ¶ 15. The hospital diagnosed Decedent with "acute respiratory failure secondary to pneumonia [and] COVID-19, sepsis secondary to pneumonia [and] COVID-19, a urinary tract infection, and acute renal failure." *Id*. at ¶ 21. Decedent eventually passed away at the hospital. *Id*. at ¶ 21. Plaintiffs allege that Century Villa failed to provide proper supervision to prevent Decedent from COVID-19 and other ailments. *Id*. at ¶¶ 29–35. Plaintiffs also allege Century Villa did not disclose that other individuals at Century Villa contracted COVID-19. *Id*. at ¶¶ 17, 18, 24.

Plaintiffs then filed this action individually and as successors-in-interest to Decedent in Los Angeles Superior Court. *See generally, Id*. Plaintiffs allege the following four causes of action against Century Villa: (1) negligence; (2) willful misconduct; (3) statutory elder abuse and neglect under Welf. & Inst. Code §§ 15610.27 and 15610.57; and (4) wrongful death. *Id*. at ¶¶ 40–68. Century Villa subsequently removed this action, arguing that both federal question jurisdiction and federal officer jurisdiction exist in this case. *See generally*, Not. of Removal, ECF No. 1.

## II.    LEGAL STANDARD

A defendant can remove a case from a state court to a federal court if the case could have originally been brought in federal court. 28 U.S.C § 1441(a). "Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003). The Court "strictly construe[s] the removal statute against removal jurisdiction" and will reject finding jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.   DISCUSSION

Century Villa asserts that it properly removed this case from Los Angeles Superior Court on the basis of both federal question jurisdiction and federal officer jurisdiction. *See generally*, Not. of Removal. Century Villa argues that the Public Readiness and Emergency Preparedness Act ("PREP Act") provides federal question

jurisdiction in this case and that federal officer jurisdiction also exists. *See generally*, Not. of Removal. Plaintiffs argue that neither federal question jurisdiction nor federal officer jurisdiction exist and, as such, the Court should remand this case. *See generally*, MTR.

### A.   PREP Act Background

The PREP Act gives the Secretary of Health and Human Services (HHS) the ability to "make[] a determination that a disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b)(1). Upon such determination, the PREP Act provides immunity to "covered person[s]" for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure." *Id*. at § 247d-6d(a)(1).

The PREP Act defines a "covered countermeasure" as the following:

- "a qualified pandemic or epidemic product[;]"
- "a security countermeasure[;]"
- "a drug . . ., biological product . . ., or device . . . that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act; or"
- "a respiratory protective device that is approved by the National Institute for Occupational Safety and Health under part 84 of title 42, Code of Federal Regulations (or any successor regulations), and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title."

*Id*. at § 247d-6d(i)(1)(A)–(D); *see also Smith v. Colonial Care Ctr., Inc.*, No. 2:21-cv-00494-RGK-PD, 2021 WL 1087284, at *4 (C.D. Cal. Mar. 19, 2021), *appeal filed*, No. 21-55377 (9th Cir. Apr. 19, 2021).

The PREP Act includes in its definition of a "'covered person' . . . a person or entity that is . . . a program planner of such countermeasure . . . [and] a qualified person

who prescribed, administered, or dispensed such countermeasure." 42 U.S.C. § 247d-6d(i)(2)(B)(iii)(iv).

HHS Secretary Alex Azar issued a declaration under the PREP Act in relation to the COVID-19 pandemic on March 10, 2020 ("Declaration"). RJN ISO Opp'n to MTR, Ex. 2; 85 Fed. Reg. 15,198 (Feb. 4, 2020). Both Secretary Azar and the Acting HHS Secretary have amended this declaration multiple times, with Amendments Four and Five being the relevant amendments for the purposes of this motion. *Id*. at Ex.'s 5, 30; 85 Fed. Reg. 79,190 (Dec. 9, 2020); 86 Fed. Reg. 7,872 (February 2, 2021). In between the issuance of Amendments Four and Five, the HHS General Counsel also issued Advisory Opinion 21-01. *Id*. at Ex. 9.

On December 9, 2020, Secretary Azar issued Amendment Four to the Declaration. 85 Fed. Reg. 79,190. It states that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act." 85 Fed. Reg. at 79,194, 197. It also states that "the Declaration must be construed in accordance with the Department of Health and Human Services (HHS) Office of the General Counsel (OGC) Advisory Opinions on the Public Readiness and Emergency Preparedness Act and the Declaration (Advisory Opinions)." 85 Fed. Reg. at 79,191.

On January 8, 2021, the HHS General Counsel issued Advisory Opinion 21-01 which addresses "whether the PREP Act applies where a covered person declined to use a covered countermeasure when it arguably ought to have been used." RJN ISO Opp'n to MTR, Ex. 9, at 1. This Advisory Opinion asserts that "[t]he PREP Act is a '[c]omplete [p]reemption' statute" and that the *Grable* doctrine applies. *Id*. at 2–5. The HHS General Counsel issued this Advisory Opinion after receiving questions about the PREP Act's applicability to lawsuits concerning "nursing homes and other healthcare facilities, where patients or their estates allege that patients contracted COVID-19 because the facility, among other things, failed to provide its staff with personal

protective equipment ('PPE'), failed to teach the staff how to properly use that equipment, or failed to ensure that its staff used the PPE that it had been given." *Id*. at 1.

On January 28, 2021, the Acting Secretary of HHS issued Amendment Five. 86 Fed. Reg. 7,872. Realizing the United States needed more help in administering the COVID-19 vaccine, Amendment Five expands the definition of "covered person" to include new categories of healthcare professionals who can administer the COVID-19 vaccine and still be "afforded liability protections in accordance with the PREP Act and the terms of this amended Declaration." 86 Fed. Reg. at 7,873. Amendment Five states "[t]he plain language of the PREP Act makes clear that there is complete preemption of state law as described above." 86 Fed. Reg. at 7,874.

Century Villa argues, in part, that the Declaration, subsequent amendments, and Advisory Opinion 21-01 show that the Court has federal question jurisdiction over this case. *See* Opp'n to MTR,

## B.    Federal Question Jurisdiction

Courts generally subject a defendant asserting federal question jurisdiction to "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a plaintiff only pleads state law claims, as the plaintiff does so here, a plaintiff "may generally avoid federal jurisdiction." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Century Villa argues that the Court has federal question jurisdiction because the PREP Act completely preempts Plaintiffs' state law claims and Plaintiffs' Complaint raises a substantial federal question. *See* Opp'n to MTR, 3–18.

### i. Complete Preemption

The complete preemption doctrine can turn a complaint pleading only state law claims into a case arising under federal law. *Caterpillar Inc.*, 482 U.S. at 392. Under the complete preemption doctrine, "Congress may so completely pre-empt a particular

area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). "[C]omplete preemption is rare." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation marks omitted). The Ninth Circuit acknowledged that, as of August 12, 2020, "[t]he Supreme Court has identified only three statutes that meet this criteria." *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020).

First, Plaintiffs' claims do not fall under the PREP Act, thus making it irrelevant whether the PREP Act is a complete preemption statute. *Smith*, 2021 WL 1087284, at *5 (finding similar claims "do not relate to the use or administration of any" covered countermeasures); *Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *5, *6 (C.D. Cal. Apr. 19, 2021) (same). As noted above, the PREP Act only applies to "claims for loss caused by, arising out of, relating to, or resulting from the administration [] or [] use . . . . of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). "Covered countermeasures" include certain types of drugs, products, and devices. *See Id.* at § 247d-6d(i)(1)(A)–(D). Amendment Four and Advisory Opinion 21-01 both argue the PREP Act covers certain inaction related to countermeasures. *See* Ex. 9, at 3; *see also* 85 Fed. Reg. at 79,197. For instance, Amendment Four states that instances of "not administering a Covered Countermeasure to one individual in order to administer it to another individual" because there are "limited Covered Countermeasures" can be considered "'relating to . . . the administration to . . . an individual' under 42 U.S.C. 247d-6d." 85 Fed. Reg. at 79,197. The PREP Act's statutory scheme shows that a plaintiff's claim must involve covered countermeasures if the PREP Act will apply. 42 U.S.C. § 247d-6d(i)(1)(A)–(D).

Plaintiffs' claims do not involve any covered countermeasures. Plaintiffs allege that Century Villa did not train its staff to adequately provide for Decedent and did not hire enough staff. Compl. ¶ 38. Some of Century Villa's alleged failures include failing to "[p]roperly handle and implement measures to prevent Decedent from suffering" multiple ailments, including COVID-19. *Id*. at ¶ 41(B). None of Plaintiffs' allegations

7

concern Century Villa's action, or inaction, regarding covered countermeasures as defined by the PREP Act, Amendment Four, or the Advisory Opinion. *Smith*, 2021 WL 1087284, at *5; *Padilla*, 2021 WL 1549689, at *5, *6. Therefore, Plaintiffs' non-willfulness claims do not fall under the PREP Act. *Dupervil v. All. Health Operations, LCC*, - - - F.Supp.3d - - -, No. 20-CV-4042 (PKC) (PK), 2021 WL 355137, at *11 (E.D.N.Y. Feb. 2, 2021), *appeal filed*, No. 21-505 (2nd Cir. Mar. 3, 2021) (collecting cases).

Second, even if Plaintiffs' non-willfulness claims did fall under the PREP Act, the PREP Act does not completely preempt state law claims based on non-willful conduct because it does not provide for an "exclusive federal cause of action" for such claims. *Smith*, 2021 WL 1087284, at *5 (the PREP Act does not provide an "exclusive federal cause of action" for non-willfulness claims); *Golbad v. GHC of Canoga Park*, No. 2:21-CV-01967-ODW (PDx), 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021), *appeal filed*, No. 21-55561 (9th Cir. June 1, 2021) (collecting cases); *Padilla,* 2021 WL 1549689, at *4 (collecting cases and stating "[n]early every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect"); *Dupervil*, 2021 WL 355137, at *9. This is problematic to Century Villa's argument because "a federal statute must provide the 'exclusive cause of action' for complete pre-emption to apply." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245 (9th Cir. 2009). The PREP Act provides an administrative remedy, not an "exclusive federal cause of action," for Plaintiff's non-willfulness claims, and thus cannot completely preempt those claims. *Smith*, 2021 WL 1087284, at *5, *6; *Padilla*, 2021 WL 1549689, at *4, *5.

Century Villa relies on *Garcia v. Welltower OpCo Grp. LLC*, - - - F.Supp.3d - - -, No. SACV 20-02250-JVS (KESx), 2021 WL 492581 (C.D. Cal. Feb. 10, 2021) to argue that the PREP Act completely preempts Plaintiffs' state law claims.[2] Opp'n to

---

[2] Century Villa additionally relies on a Western District of Louisiana decision, *Rachal*

8

MTR, 3. The court in *Garcia* deferred to the agency interpretation of the PREP Act as found in Advisory Opinion 21-01 and held that "the PREP Act provides for complete preemption." 2021 WL 492581, at *7.

The Court however is unable to rotely follow *Garcia*. While it is true that courts can defer to agency interpretations to the extent the interpretation has the "power to persuade," *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)), the opinion in *Garcia* does not expressly evaluate the persuasiveness of Advisory Opinion 21-01. *See Garcia*, 2021 WL 492581, at *6, *7; *see also Padilla*, 2021 WL 1549689, at *4, *5. The Court here finds that Advisory Opinion 21-01 is not persuasive because it does not support its contention that a statute can completely preempt state law claims by only providing an administrative remedy. *Smith*, 2021 WL 1087284, at *6; *Dupervil*, 2021 WL 355137, at *10.

Century Villa further argues the Court should give Advisory Opinion 21-01 *Chevron* deference. Opp'n to MTR, 7, 12. Courts give administrative agency decisions "*Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *Mead Corp.*, 533 U.S. at 226–27. Advisory Opinion 21-01 states "[i]t is not a final agency action or a final order" and "does not have the force or effect of law." Ex. 9, at 5. This language

---

*v. Natchitoches Nursing & Rehabilitation Center, LLC*, No. 1:21-cv-00334 (W.D. La. Apr. 30, 2021), to argue that the PREP Act completely preempts Plaintiffs' state law claims. Opp'n to MTR, 3 – 5, 12, 15. This opinion is not binding on the Court. Additionally, another district court has rejected *Rachal*'s reasoning on this issue. *Schleider v. GVDB Operations, LLC.*, No. 21-80664-CIV-DIMITROULEAS, 2021 WL 2143910, at *3 (S.D. Fla. May 24, 2021), *appeal filed*, No. 21-11765 (11th Cir. May 24, 2021). Century Villa also cites a recent filing by the United States Attorney's Office for the Middle District of Tennessee. Opp'n to MTR, 10, 11; Ex. 31 to RJN, ECF No. 5-30. Again, this statement is not binding on the Court. The Court also agrees with the analysis in *Dupervil* as to why the statement is not persuasive. *Dupervil*, 2021, WL 355137, at *11.

1   makes clear that HHS's Office of the General Counsel did not "promulgate" Advisory
2   Opinion 21-01 "in the exercise of" authority delegated to it by Congress. *Dupervil*, 2021
3   WL 355137, at *10 (quoting *Mead Corp.*, 533 U.S. at 226–27). The Court declines to
4   give Advisory Opinion 21-01 *Chevron* deference.

5        Century Villa also argues that Amendment Five supports complete preemption.
6   Opp'n to MTR, 10. The Acting Secretary issued Amendment Five to "expand the pool
7   of available COVID-19 vaccinators." 86 Fed. Reg. at 7,873. Amendment Five
8   accomplishes this by "add[ing] additional categories of Qualified Persons authorized to
9   prescribe, dispense, and administer COVID-19 vaccines." *Id.* at 7,872. Amendment
10  Five then states that the PREP Act "makes clear that there is complete preemption of
11  state law *as described above*." *Id.* at 7,874 (emphasis added). The phrase "as described
12  above" shows that the Acting Secretary only intended "complete preemption" to apply
13  to "any conflicting state law that would otherwise prohibit a 'qualified person' from
14  administering covered countermeasures such as COVID-19 vaccines." *Dupervil*, 2021
15  WL 355137, at *11, n. 3. Amendment Five is a narrow amendment discussing additional
16  healthcare providers who can administer the COVID-19 vaccine and does not "address
17  the complete preemption analysis at issue in this Order." *Stone v. Long Beach
18  Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at *6, n. 5
19  (C.D. Cal. Mar. 26, 2021).

20       Plaintiffs also allege a claim of willful misconduct against Century Villa. Compl.
21  ¶¶ 44–57. The PREP Act provides for an "exclusive [f]ederal cause of action against a
22  covered person for death or serious physical injury proximately caused by willful
23  misconduct." 42 U.S.C. § 247d-6d(d)(1). The United States District Court for the
24  District of Columbia has jurisdiction over such claims. *Id* at § 247d-6d(e)(1). However,
25  for the same reasons as explained above, Plaintiffs' claims, including the willful
26  misconduct claim, do not fall under the PREP Act.

27       The PREP Act does not completely preempt any of Plaintiffs' claims.

28

1                            ii. Substantial Federal Question

2        Century Villa also asserts that Plaintiffs' Complaint raises a "substantial,

3 embedded question of federal law" and thus creates federal question jurisdiction under

4 the *Grable* doctrine. Opp'n to MTR, 16–18. Under the *Grable* doctrine, a complaint

5 based on state law claims can create federal question jurisdiction if the state law claims

6 "necessarily raise a stated federal issue, actually disputed and substantial, which a

7 federal forum may entertain without disturbing any congressionally approved balance

8 of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue*

9 *Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (*Grable*). "[F]ederal jurisdiction over a state

10 law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3)

11 substantial, and (4) capable of resolution in federal court without disrupting the federal-

12 state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

13 Federal jurisdiction is only established under *Grable* if the federal issue meets all four

14 requirements. *Id*.

15        Here, Plaintiffs' claims do not raise a "substantial, embedded question of federal

16 law." Plaintiffs' claims do not "require[] an interpretation of a federal statute" or

17 "challenge[] a federal statute's constitutionality." *See BP PLC*, 969 F.3d at 906

18 (citations omitted) (finding that a state law claim did not present a "substantial federal

19 question" under *Grable*). Instead, the PREP Act merely provides Century Villa with a

20 potential affirmative defense to Plaintiffs' claims. *Dupervil*, 2021 WL 355137, at *14;

21 *Padilla*, 2021 WL 1549689, at *6 (". . . the PREP Act is a defense, not a necessary

22 aspect of Plaintiffs' state law claims"); *Stone*, 2021 WL 1163572, at *7 (same); *Est. of*

23 *McCalebb v. AG Lynwood, LLC*, No. 2:20-cv-09746-SB-PVC, 2021 WL 911951, at *3

24 (C.D. Cal. Mar. 1, 2021) (same). Century Villa's potential affirmative defense under

25 the PREP Act does not confer this Court with federal question jurisdiction. *Caterpillar*

26 *Inc.*, 482 U.S. at 393 (1987).

27        Both Amendment Four and Advisory Opinion 21-01 assert that the *Grable*

28 doctrine applies. 85 Fed. Reg. at 79,194, 197; Ex. 9, at 4, 5. Amendment Four, however,

is not persuasive because, without providing any analysis, it merely states that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act." 85 Fed. Reg. at 79,194, 197. Additionally, "[t]he Advisory Opinion is [] unhelpful" because "the PREP Act, a statute affording immunity, is not an essential element of any of Plaintiff's claims." *Dupervil*, 2021 WL 355137, at *14; *see also Stone*, 2021 WL 1163572, at *7 (adopting the *Dupervil* analysis). This is in direct contrast to *Grable*, where the plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Grable & Sons Metal Prod., Inc.*, 545 U.S. at 314, 15. In summary, Amendment Four and Advisory Opinion 21-01 do not "persuade" this Court that the *Grable* doctrine grants federal jurisdiction over this case. *Mead Corp.*, 533 U.S. at 235 (quoting *Skidmore*, 323 U.S. at 140 (1944)).

For the reasons stated above, the Court finds federal question jurisdiction is not present in this case.

### C. Federal Officer Jurisdiction

Century Villa also argues that federal officer jurisdiction under 28 U.S.C. § 1442(a)(1) gives this Court jurisdiction. Not. of Removal, ¶¶ 35–64. Century Villa asserts it was "'acting under' the United States, its agencies, or its officers." *Id*. at ¶ 37. Even though the phrase "'acting under' . . . must be 'liberally construed,'" "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147, 153 (2007). Federal officer jurisdiction does not apply "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id*. at 153.

Century Villa cannot establish that federal officer jurisdiction should apply just because it complied with various government regulations, directives, and guidance. *Golbad*, 2021 WL 1753624, at *2 (denying federal officer jurisdiction); *Smith*, 2021

WL 1087284, at *7, *8 (same); *Stone*, 2021 WL 1163572, at *8 (same). Century Villa argues that, before the pandemic, "regulation of nursing homes was very general in nature," with various laws and governing agencies providing minimal direction to the maintenance of such facilities. Not. of Removal, ¶ 42. However, according to Century Villa, the COVID-19 pandemic changed this. Soon after the COVID-19 pandemic began, Century Villa alleges that both the Center for Disease Control and Prevention ("CDC") and other state regulators issued much more detailed directives to nursing homes on how to manage the COVID-19 pandemic. Not. of Removal, ¶¶ 42–46. Even so, Century Villa was just a "private firm[]" following "highly detailed" "federal laws, rules, and regulations." *Watson*, 551 U.S. at 147, 153; *Golbad*, 2021 WL 1753624, at *2 ("[Defendant's] compliance with federal COVID-19 directives and regulations" does not establish federal officer jurisdiction); *Winn v. California Post Acute LLC*, - - - F.Supp.3d - - -, No. CV 21-02854 PA (MARx), 2021 WL 1292507, at *6 (C.D. Cal. Apr. 6, 2021), *appeal filed*, No. 21-55468 (9th Cir. May 7, 2021). The Court finds that this case does not raise federal officer jurisdiction.

Century Villa requests that the Court temporarily stay the remand under Fed. R. Civ. P. 62(a) if it grants Plaintiffs' motion so it can appeal the Court's denial of federal officer jurisdiction. *See* Opp'n to MTR, 2. The Court declines to issue the stay. *Smith*, 2021 WL 1087284, at *8.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** as moot Century Villa's motion to dismiss. This matter is **REMANDED** to the Superior Court of California of the County of Los Angeles Case No. 20STCV34928. **IT IS SO ORDERED.**

Dated: June 10, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE